John Paul MEGASON et ux., Appellants,

v.

L. C. HALL et al., Appellees.

No. 7919.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 19, 1968.

Pat C. Beadle, Clarksville, for appellants.

J. R. Hubbard, Wheeler, Watkins, Hubbard, Patton & Peek, Texarkana, Woodrow Edwards, Mt. Vernon, for appellees.

DAVIS, Justice.

A car truck-trailer collision case. Paul Wayne Megason, a 23 year old single man, was driving his 1964 Chevrolet in an easterly direction on U. S. Highway 67 shortly after five o'clock a. m., near Saltillo, Franklin County, Texas, on Monday, August 16, 1965. L. C. Hall, an agent, servant and employee of J. W. Rogers, was driving a 1964 Chevrolet truck and trailer, that belonged to Rogers, in a westerly direction, loaded with lumber, at the same time and place. The trailer had double dual wheels at the rear on each side. The highway has single lanes for traffic going east and west. Megason's car passed the cab of the truck and collided with the left front dual wheel on the trailer. As a result of this collision, Megason passed away.

Plaintiffs-appellants, John Paul Megason and wife, Berta Megason, father and mother of Paul Wayne Megason, sued defendants-appellees, L. C. Hall and G. W. Rogers for damages. The case was tried before a jury. After appellants had offered all their evidence, appellees made a motion for an instructed verdict, and in the alternative, to withdraw the case from the jury and render judgment that appellants take nothing. The motion was granted. Appellants have perfected their appeal and bring forward two points of error.

Appellants say the trial court erred in withdrawing the case from the jury and rendering judgment that they take nothing because (1) the uncontradicted circumstantial evidence raised the issue of negligence on the part of the appellee, L. C. Hall, and (2) the uncontradicted circumstantial evidence raised the issue of negligence of appellee, L. C. Hall, as the proximate cause of the collision and death of Paul Wayne Megason. Both points were argued together.

We must consider every reasonable inference that may be properly drawn from the evidence of negligence and proximate cause, if any are contained in the record of probative force, in favor of the losing party. White v. White, 1943, 141 Tex. 328, 172 S.W.2d 295.

Appellants alleged negligence on the part of appellee, Hall, an agent, servant, employee of appellee, Rogers, as follows:

"a. The defendant, L. C. Hall failed to keep a proper lookout.

b. The defendant L. C. Hall failed to pull his truck to the right while meeting the automobile operated by the deceased.

c. The defendant L. C. Hall operated his truck in such manner that the trailer extended over the center line of the highway.

d. The defendant L. C. Hall was operating the truck at a rate of speed in excess of that at which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances.

e. The defendants had loaded the truck in such manner that the load of lumber protruded, or extended, over the center line of the highway at the time the truck was meeting the automobile operated by the deceased.

f. The defendant L. C. Hall operated the truck in such manner that he caused the trailer to cross over the center line of the highway into the traffic lane occupied by automobile driven by the deceased at the time the vehicles were meeting."

We have carefully examined the statement of facts and do NOT find any evidence at all upon which an act of negligence or proximate cause can be speculatively presumed. Therefore, there were no issues of fact raised that could be found against the appellees upon which a judgment could be entered. Such facts were not

proven. Hamilton et al. v. Waples-Platter Co. et al. (Tex.Civ.App.1968), 424 S.W.2d 295, N.W.H. The points are overruled.

The judgment of the trial court is affirmed.